IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ALABAMA
MIDDLE DIVISION

WILLIAM OMUNA, )
)
    Plaintiff, )
)
vs. ) CV 99-PT-1825-M
)
SGT. LARRY TEAL, )
and SGT. JAMES SHROPSHIRE, )
)
    Defendants. )

## MEMORANDUM OF OPINION

On October 9, 2001, the defendants filed a Special Report wherein they contend that the plaintiff has failed to exhaust the administrative remedies available to him under the Etowah County Detention Center Policy and Procedure Manual. Those remedies include an informal/oral grievance, filing of a formal written grievance with the Assistant Chief of Corrections and an appeal to the Chief of Corrections. (Exhibit 1 to Doc. #33). On July 8, 2002, the court entered an order for the plaintiff to show cause why this action should not be dismissed, without prejudice, in order to allow the plaintiff to exhaust the administrative remedies available to him. In his response to the show cause order, the plaintiff contended that he had exhausted all steps in the grievance process, including an appeal to the Chief of Corrections. (Doc. #54). The magistrate judge filed a report and recommendation on July 29, 2002, recommending that this action be dismissed, without prejudice, under 42 U.S.C. § 1997e(a), because the plaintiff had failed to show that he had exhausted his administrative

remedies with respect to the issues pending in this case. The magistrate judge found that, at the very least, the plaintiff had failed to present any evidence that he had appealed either issue to the Chief of Corrections.[1] (Doc. #55).

The plaintiff filed objections to the magistrate judge's report and recommendation on August 14, 2002. In those objections, the plaintiff states that, at the time in question, the Etowah County Detention Center grievance procedure did not contain a provision for appeal of an adverse decision. (Doc. #56). However, in light of the fact that the plaintiff, in his response to the show cause order (Doc. #54), not only acknowledged the appeal provision but contended that he had exhausted same, the plaintiff's latest contentions as set forth in his response to the magistrate judge's report and recommendation are clearly baseless. The court need not lend credence to contradictory allegations. *See Battle v. Central State Hospital*, 898 F.2d 126, 130 n.3 (11th Cir. 1990).

Having carefully reviewed and considered *de novo* all the materials in the court file, including the report and recommendation and the objections thereto, the Court is of the opinion that the magistrate judge's report is due to be and is hereby ADOPTED and the recommendation is ACCEPTED. Accordingly, the complaint is due to be dismissed, without prejudice, pursuant to 42 U.S.C. § 1997e(a), in order for the plaintiff to exhaust the

---

[1] In his response to the show cause order, the plaintiff attached a copy of a May 5, 1999 letter from Wes Williamson, the Assistant Chief of Corrections, which the plaintiff contended was a response to a final written appeal. However the magistrate judge noted that the final written appeal in the Etowah County grievance process is to the Chief of Corrections. (Exhibit 1 to Doc. #33). Thus, the magistrate judge correctly recognized that the plaintiff still has the option to seek review, by the Chief of Corrections, of Williamson's denial of his grievance.

administrative remedies available through the Etowah County Detention Center Policy and Procedure Manual. A Final Judgment will be entered.

DATED this 6th day of September, 2002.

*Robert B. Propst*
ROBERT B. PROPST
SENIOR UNITED STATES DISTRICT JUDGE